Antonio Rullán Vélez, Petitioner and Appellant, *v.* Cristino R. Colón, Judge of the Municipal Court of Mayagüez, Defendant and Appellee.

No. 7240.   Argued February 27, 1936.—Decided July 28, 1936.

*Enrique Báez García* for appellant.   *Oscar Souffront* for appellee and for plaintiff in the principal suit.

Mr. Justice Hutchison delivered the opinion of the Court.

Antonio Rullán appeals from a judgment whereby the district court of Mayagüez annulled a writ of certiorari issued for the purpose of reviewing an order entered by the judge of a municipal court in an attachment proceeding. From the judgment roll we take the following copy of a "Writ and Notification of Attachment" subscribed by the marshal of the municipal court:

"I, José Cintrón, Marshal of the Municipal Court of Mayagüez, P. R. do hereby certify: That pursuant to an order of attachment to secure the effectiveness of a judgment for three hundred twenty dollars and seventy three cents as principal claimed in the complaint, and $100 for interest and costs, which order has been addressed to me by the Hon. Municipal Court of Mayagüez, P. R. and dated Nov. 20th, 1935, in the above mentioned case, I proceeded to attach, and did attach the following property, belonging to the defendants in accordance with the instructions given by attorney Oscar Souffront:

"Ten hundredweight of green coffee; 22 bushels of coffee in the berry; all the crop of growing coffee which may be produced by the following farm (describing it):

"And hereby we notify you, the defendants, Antonio Rullán Vélez and the estate of Pedro Ruiz Ruperto, made up of his widow, Tomasa Ithier, and his legitimate sons, Miguel Angel Ruiz Ithier and Alejandrina Ruiz Ithier, both emancipated and the minors, María, Tomasa, Pedro, Margara and Andrés Ruiz e Ithier, represented by their mother with patria potestas over them, of the attachment made, and you are hereby warned that you can not sell, assign, encumber or in any manner dispose of the attached property without an order of the Municipal Court of Mayagüez, P. R.

"I appointed Mr. Juan Cerdá as the custodian of the attached property and I delivered the same to him.—Mayagüez, P. R., Nov. 21, 1935. (s) José Cintrón, Marshal."

The order which the district judge held to be authorized by subdivision (*h*) of Section 2 of "An Act to Secure the Effectiveness of Judgments", approved March 1, 1902 (See C. C. P. 1933 ed., 95) reads as follows:

"In view of the motion filed in this case by the plaintiff, the court now grants the motion and appoints Mr. Francisco Mattei Antomattei over twenty-one years old, married, merchant and a resident of Yauco, P. R. as custodian of the coffee crop and other growing unharvested crops of the farm 'Teresa' belonging to the defendant and located in the ward of Indiera Fríos, in the municipality of Maricao, which farm has an extension of 115 acres used in the production of coffee, plantains, grass and minor crops (frutos menores) containing several establishments and bounded . . . . and the court provides that Mr. Francisco Mattei Antomattei, appointed as custodian, should furnish a bond signed by responsible sureties for the sum of Four Hundred Dollars, to serve as security for the faithful fulfilment of his duties as custodian, and that upon the presentation of the bond and the acceptance of his office by the custodian, the clerk of this court shall issue in favor of said Francisco Mattei Antomattei letters of administration so that he may proceed to gather the coffee crop and other growing crops in said farm, said custodian having the power of using the establishments, machinery, tools (glasis) of said farm for the purpose of gathering, processing and preparing the coffee, 'without any impairment or prejudice of the right of the defendant to intervene and file any claims to defend his interests, in accordance with the law.'

"Mayagüez, P. R., Nov. 23, 1935.—(s) Cristino R. Colón, Judge Municipal Court."

By the express terms of Section 263 of the Civil Code (1930 ed.) "Trees, plants and ungathered fruits, while they are not separated from the land or form an integral part of an immovable" are immovables.

Sections, 9, 10 in part, 11 and 12 of the Act to secure the effectiveness of judgments reads as follows:

"Sec. 9. The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, and warning him that he cannot alienate the property attached except at public auction and after

notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The alienation of any property in contravention of the provisions of this Section, shall be deemed fraudulent for all civil and penal purposes, and the persons guilty of such offence shall also be punished for contempt of court.

"Sec. 10. An order prohibiting the alienation of personal property, and an attachment on the same, shall be effected by depositing the personal property in question with the court, or the person designated by it, under the responsibility of the plaintiff. . . .

"Sec. 11. The provisions of the preceding Section are applicable to the crops yielded by the property under attachment, or by the property the alienation of which has been prohibited if such attachment or prohibition include such crops.

"Sec. 12. Notwithstanding the provisions of Section 9, the defendant shall be deprived of the custody and administration of the real property under attachment, or the alienation of which has been prohibited, if the said defendant, or the person in charge of the said property, shall abandon it or neglect its administration, or execute any act with regard to said property which shall cause any considerable decrease in its value, provided the facts be satisfactorily proved to the court. In any of the cases aforesaid, the plaintiff, or the person he may designate upon his responsibility, may be appointed as depositary and administrator of the property and such plaintiff shall give sufficient bond, or increase the bond already given, if, in the judgment of the court it be insufficient to secure the proper performance of his duties as depositary and administrator."

Subdivision (h) of Section 2 of the law provides that: "(h) With respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment." The "preceding rules" cover the subject of attachments and measures of a prohibitive character. A money obligation is one of the cases provided for by these "preceding rules". In the case of such an obligation, "the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed." In any event, unless it be conceded that

municipal courts may appoint receivers of real property for the purpose of cultivating the land and harvesting the crops without the necessity of invoking subdivision (*h*) as authority therefor, it may well be doubted whether the legislature intended by that subdivision to confer upon them the power to appoint such receivers, except as provided in Section 12, *supra*. These, however, are questions which need not be definitively decided at this time.

██ Unharvested coffee cannot be attached as personal property nor can the marshal of any court, after attempting to levy an attachment on such coffee as personal property, deliver the possession thereof to a custodian named by him. Even if the marshal had followed the procedure prescribed by Section 9, *supra,* for the attachment of real property, he could not have appointed a receiver for the purpose of harvesting the crop. See *Rodríguez* v. *District Court of San Juan,* 31 P.R.R. 659. The crops referred to in Section 11, *supra,* are not only crops produced by land which has been attached but they are also crops which have been themselves attached as a part of the attached land which produced them.

██ By the terms of subdivision (*h*) the power there conferred is to be exercised with discretion and in accordance with equity. In equity practice the rules governing the appointment of receivers are too well established and too well known to require restatement.

██ Section 14 of the law to secure the effectiveness of judgments provides that:

"All allegations made by either party in the course of the proceedings regarding the remedy, shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question, but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be sus-

pended for any reason. Every decision of the court shall immediately be carried into effect, but the injured person may protest and declare his intention to take an appeal, as provided in the law of civil procedure, against the final judgment of the court."

The attorney for plaintiff subscribed and filed in the municipal court a writing which reads as follows:

"To the Honorable Court:

"Now comes the plaintiff represented by his counsel, Oscar Souffront, and respectfully alleges and moves:

"*First.*—That in this case and pursuant to an order of this Honorable Court, the clerk of this court issued a writ of attachment addressed to the marshal of the municipal court of Mayagüez, the plaintiff having instructed the marshal to attach, as property of said defendants, the coffee crops and other crops of the coffee farm 'Teresa' devoted to the production of coffee, plantains and grass, located in the Ward of Indiera Fríos, in the municipality of Maricao, containing one hundred and fifteen acres (describing it) said farm being the property of the defendants, said coffee crop having been attached by said officers.

"*Second.*—That the marshal of this court, upon request of the plaintiff, appointed Mr. Juan Cerdá, of legal age, farmer and domiciled in the Ward of Indiera Fríos, municipality of Maricao, Puerto Rico, as temporary custodian of said attached coffee crop.

"*Third.*—That said crop would be subject to the risk of being partially or totally lost to the detriment of the plaintiff as well as of the defendants, unless this court appoints a custodian of said attached coffee and crops, which, in accordance with the estimate of the plaintiff, have a value of Four Hundred Dollars.

"Therefore, the plaintiff moves this Honorable Court to appoint Mr. Francisco Mattei Antomattei, of legal age, married, merchant and domiciled in Yauco, P. R., as custodian of said coffee crop and of the other crops.—Mayagüez, Puerto Rico, Nov. 22, 1935."

Conceding for the sake of argument only that a municipal court has the power under subdivision (*h*) supra, or otherwise, to appoint a receiver in circumstances other than those indicated in Section 12, supra, and conceding further (without any apparent necessity therefor) that the statement set forth in the preceding paragraph would have justified such

460

an appointment after notice to defendants and an opportunity to be heard, the fact that a receiver had been appointed, without notice or hearing or opportunity to be heard, was enough to require a reversal of the order complained of by petitioners in the certiorari proceeding.

■ Appellees in their brief ask that the appeal be dismissed: because the notice of appeal from the judgment rendered by the district court was not served on certain defendants in the municipal court who did not join the co-defendant, Rullán, in his application to the district court for a writ of certiorari; because the present appeal is not one of those provided for by subdivisions one and two of Section 295 of the Code of Civil Procedure; because, if the present appeal be included in subdivision 3 of Section 295, then the notice of appeal should have been filed within ten days after notice of the order appealed from; because appellant's sole assignment of error is too general.

The assignment, stripped of its verbiage, is that the district court erred in holding that the proceedings in the municipal court were regular and in annulling the writ of certiorari. The assignment might have been more specific but the defect is not of such character as to require a reversal on objection made for the first time in the brief for appellees.

The present appeal does not come within subdivision 3 of Section 295 of the Code of Civil Procedure. It does come within subdivision 1 of that section. See *León v. Brusi*, 21 P.R.R. 423 and *Vega v. Hernández*, 21 P.R.R. 505.

■ Appellees cite no authority in support of their contention that appellant, Rullán, should have served his notice of appeal on his co-defendants in the municipal court who were not parties to the certiorari proceedings. In the absence of argument or authority, we are not prepared to say that Rullán's failure to serve the notice of appeal on his co-defendants in the municipal court amounts to a jurisdictional defect.

The order of the district court must be reversed. The order of the municipal court, as for as it related to the appointment of a receiver for the unharvested coffee, must be vacated and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.